IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CARLTON & HARRIS CHIROPRACTIC
INC., a West Virginia corporation,
individually and as the representative of a
class of similarly-situated persons,

                Plaintiff,

v.                                  CIVIL ACTION NO. 3:17-3822

MEDITAB SOFTWARE, INC.,
a California corporation, and,
JOHN DOES 1-5,

                Defendants.

**MEMORANDUM OPINON AND ORDER**

Pending before the Court is Plaintiff's "Placeholder" Motion for Class Certification and Request for Status Conference. ECF No. 4. For the following reasons, the Court **DENIES** the motion.

On August 16, 2017, Plaintiff Carlton & Harris Chiropractic, Inc. filed a Class Action Complaint, alleging Defendants sent it unsolicited advertising facsimiles in violation of the Federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA"). *Compl.* at ¶¶1-2. Defendants are Meditab Software, Inc. and John Does 1-5. Plaintiff asserts that John Does 1-5 are not presently known, but they will be identified through discovery. *Id.* at ¶11. In the Complaint, Plaintiff seeks to represent a class defined as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material

> advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, and (3) from whom Defendants did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendants did not have an established business relationship, or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

*Id*. at ¶18. In support of certifying a class, Plaintiff alleges that, based upon information and belief, the proposed class is at least forty members who share "[c]ommon questions of law and fact[.]" *Id*. at ¶¶19-20. Plaintiff claims commonality exists because of Defendants' "general policy" of "faxing a single form advertisement to persons on a list generated by Defendants and/or a third party and did not obtain prior express invitation or permission to send Defendants' advertisement by fax and/or failed to include the proper opt-out notice required by federal law and regulations." *Pl.s' "Placeholder" Mot.*, at 4 (citation omitted).

In deciding this motion, the Court is mindful of the broad discretion it has in determining whether a class should be certified under Rule 23. *Lienhart v. Dryvit Syss., Inc*., 255 F.3d 138, 146 (4th Cir. 2001) (citations omitted). However, a class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (internal quotation marks and citation omitted), and "[t]he party seeking class certification bears the burden of proof." *Lienhart*, 255 F.3d at 146, citing *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp*., 659 F.2d 1259, 1267 (4th Cir. 1981); *see also Thorn v. Jefferson-Pilot Life Ins. Co*., 445 F.3d 311, 317 (4th Cir. 2006) (For class actions, "'plaintiffs bear the burden . . . of demonstrating satisfaction of the Rule 23 requirements and the district court is required to make findings on whether the plaintiffs carried their burden . . . .'") (quoting *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 370 (4th Cir. 2004)).

As an exception, the Court may certify a class only if it "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

Under the "rigorous analysis" standard, Plaintiff first must meet the requirements of Rule 23(a), which requires:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These factors are "commonly referred to as the requirements of numerosity, commonality, typicality, and adequacy of representation." *Perry v. Tri-State Chrysler Jeep, LLC*, No. CIV.A. 3:08-0104, 2008 WL 1780938, at *5 (S.D. W. Va. Apr. 16, 2008) (citing *Gunnells v. Healthplan Servs., Inc.* 348 F.3d 417, 459 (4th Cir. 2003). Second, the proposed class must meet "at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011).

One day after Plaintiff filed its Complaint, Plaintiff filed the pending motion for class certification to serve as a "placeholder." In its motion, Plaintiff asks the Court to allow the certification motion to remain pending until all Rule 23 discovery is complete. Once this discovery is complete, Plaintiff asserts it will file a memorandum in support of its motion. Plaintiff argues

that its "placeholder" motion is necessary to prevent "pick-off tactics," in which defendants will offer individual relief to the plaintiff to moot the case.

This motion is virtually identical to one recently resolved by the Western District of North Carolina in *RJF Chiropractic Center, Inc. v. BSN Medical, Inc.*, Civ. Act. No. 3:16-CV-00842-RJC-DSC, 2017 WL 4542389 (W.D. N.C. Oct. 11, 2017). In fact, *RJF* has the same out-of-state counsel as in the present case. In addition, the Complaint here contains some of the same language *verbatim* as in *RJF*.

In addressing the motion, the district court in *RJF* found it appeared to be filed as a mere tactical move to prevent the defendants from giving relief to the named plaintiff, but nothing to the class. *Id*. at *2 (citation omitted). Although federal courts used to be split on how to handle "pick-off" situations, in 2016 the Supreme Court held in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retain[s] jurisdiction to adjudicate [the plaintiff's] complaint." *Campbell-Ewald*, 136 S. Ct. at 672. The Supreme Court explained that, "[u]nder basic principles of contract law, [a defendant's] settlement bid and Rule 68 offer of judgment, once rejected, [has] no continuing efficacy." *Id*. at 670 (citation omitted). In light of this decision, the district court in *RJF* found the plaintiff's "Placeholder" motion was "an obsolete procedural tactic" because the "complaint faces no threat of becoming moot if [the defendant] attempts to pick-off [the plaintiff] as long as [the plaintiff] does not accept that offer." *RJF*, 2017 WL 4542389, at *3.[1]

---

[1] As it was not an issue under the facts before it, the Supreme Court in *Campbell-Ewald* did not address what the result would be "if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the

-4-

In addition, the district court held that the motion itself was "little more than another form of RJF's complaint" and "provides nothing more than a vague pleading standard." *Id*. The court found the motion certainly did not meet the plaintiff's burden under Rule 23 to affirmatively demonstrate numerosity, commonality, typicality, and adequacy of representation. *Id.*; *see Wal-Mart Stores*, 564 U.S. at 350 ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."). Thus, given it was filed prior to discovery, the district court concluded the motion stood "no chance of surviving the rigorous gambit of Rule 23." *Id*. Accordingly, the district court denied the motion without prejudice.[2] *See also Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc.*, Civ. Act. No. 3:15-cv-05061, 2016 WL 3679345 (D. S.C. July 12, 2016) (reaching the same conclusion in similar case with "placeholder" motion filed by the same out-of-state law firm as in *RJF* and in this case).

This Court finds *RJF* persuasive. As in *RJF*, the current motion was filed without any memorandum, and Plaintiff asks that it be allowed to remain pending until some point in the future when Plaintiff may have enough evidence to meet the pleading standard for a class action.

---

plaintiff in that amount." *Campbell-Ewald*, 136 S. Ct. at 672. The district court in *RJF* noted there was no evidence in the case before it that the defendants made or intended to make an offer under Rule 68 to the plaintiff. *RJF*, 2017 WL 4542389, at *3 n.2. Therefore, the court stated that, without such information, the court would have an indefinite, unresolved pending motion on its docket, which district courts understandingly are adverse to do. *Id*. (citation omitted).

[2]Furthermore, the district court recognized that the motion failed to comply with its local rule that motions and briefs must be filed contemporaneously with one another. *Id*. (citing Western District of North Carolina Local Rule 7.1).

In its current posture, the motion cannot survive the rigorous standards under Rule 23, and it is yet unknown whether it will be able to do so in the future. In light of the Supreme Court's decision in *Campbell-Ewald*, the procedural tactic Plaintiff employs is unnecessary,[3] and it will result in a motion languishing on the Court's docket for a considerable period of time. As recognized in *RJF*, district courts look unfavorably on such motions. Accordingly, for these reasons, the Court finds Plaintiff's motion is premature and **DENIES** it **WITHOUT PREJUDICE**. In addition, as an Order and Notice was entered in this case on October 18, 2017, the Court **DENIES** Plaintiff's request to meet with the Court to discuss a discovery schedule.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 1, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3]As in *RJF*, there is no evidence that Defendants made or intended to make an offer under Rule 68.